UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

KENNITH WADE ANTHONY                    CIVIL ACTION NO. 19-0374

                                        SECTION P
VS.
                                        JUDGE TERRY A. DOUGHTY

ISAAC BROWN, ET AL.                     MAG. JUDGE KAREN L. HAYES

**REPORT AND RECOMMENDATION**

Plaintiff Kennith Wade Anthony, a prisoner at Winn Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on March 25, 2019, under 42 U.S.C. § 1983. He names Warden Isaac Brown and Kathy Harrell as Defendants.[1] For the following reasons, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff alleges that Defendant Kathy Harrell only deposited $20.00 of the $40.00 that he received via a money order on either September 12, 2018, or September 20, 2018. [doc. #s 1, p. 3; 7, p. 1]. After speaking with Warden Brown about the missing $20.00, Brown instructed Plaintiff to contact Harrell. [doc. # 1, p. 3]. Plaintiff wrote Harrell a request, but he never received a response. *Id.*

Plaintiff spoke with Brown about the missing funds again, but Brown "made no effort to investigate Plaintiff's complaint." [doc. #s 1, p. 3; 7, p. 1]. Thereafter, Plaintiff was placed "in lockdown for filing a grievance about this and other matters[,]" and he remained there for two weeks before he was transferred to another facility. [doc. # 1, p. 3]. Plaintiff seeks

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

compensatory damages "for the abuse of discretion on the [sic] behalf of the administration." [doc. # 7, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Lost or Stolen Money**

By alleging that Harrell failed to deposit the full amount of his money order in his account, Plaintiff essentially claims that Harrell violated his right to procedural due process. [doc. # 7, p. 1].

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[1] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[2] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[2] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

4

(5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).[3]

Here, Plaintiff does not allege that he was deprived of his property by anyone acting under an official policy, custom, or procedure; rather, he describes random and unauthorized action. Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, the Court should dismiss Plaintiff's claim.[4]

### 3. Investigating Complaints

Plaintiff alleges that Warden Brown "made no effort to" investigate his complaint against Harrell. [doc. # 7, p. 1]. However, "claims that [] defendants violated [a plaintiff's] constitutional rights by failing to investigate his grievances fall short of establishing a federal

---

[3] See also *Suria v. Wathen*, 616 F. App'x 175 (5th Cir. 2015) (affirming dismissal of a claim, that correctional officers lost an inmate's personal property through gross negligence and dereliction of duty, on grounds that "negligent conduct is not actionable under § 1983."); *Krause v. Leonard*, 352 F. App'x 933 (5th Cir. 2009) (prisoner's claim, that police lost property that was inside his impounded automobile and allowed thieves to steal from his trailers during his time in jail, was not cognizable under Section 1983 because state law provided a meaningful post-deprivation remedy).

[4] See *Allen v. Fuselier*, 273 F.3d 393 (5th Cir. 2001) (citing *Parratt* and concluding, "Allen's assertion that the defendants improperly removed $75 from his inmate account is frivolous because the existence of a postdeprivation tort cause of action in [Louisiana] law is sufficient to satisfy the requirements of due process."); *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) ("[A] state actor's unauthorized deprivation of an inmate's prison account funds—be it negligent or intentional—'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'") (quoting *Hudson*, 468 U.S. at 533); *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996); *Parker v. Davilla*, 67 F. App'x 242 (5th Cir. 2003); *Cannon v. Howard*, 224 F.3d 766 (5th Cir. 2000).

constitutional claim." *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004); see *Robinson v. U.S., Fed. Bureau of Investigation*, 185 F. App'x 347, 348 (5th Cir. 2006) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

**4. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff impliedly claims that Defendants engaged in retaliation, alleging that, because he filed grievances, Defendants placed him in lockdown. [doc. # 1, p. 3]. Plaintiff, however, seeks only compensatory damages. [doc. # 1, p. 4; 7, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff may not recover compensatory damages for any mental or emotional injuries. As he seeks only compensatory relief and does not allege that he suffered a physical injury, the Court should dismiss this retaliation claim.

6

**Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Kennith Wade Anthony's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion for Appointment of Counsel," [doc. # 3], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 20th day of May, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE